## Frasier v. Greenblatt

*Melvin Brookman*, for plaintiff.
*Richard S. March*, for defendants.

JENKINS *J.*, June 23, 1978—Plaintiff tenant was injured on July 28, 1974, by a falling ceiling in the apartment she leased from defendants. On October 28, 1976, more than two years after the incident, she filed this action in assumpsit, pleading breach of an implied warranty of habitability and claiming personal injury damages.

Defendants initially raised preliminary objections that the action was barred by the two-year statute of limitations applicable to personal injury actions: Act of June 24, 1895, P.L. 236, 12 P.S. §34. This court denied those objections without opinion and defendants now ask for a judgment on the pleadings, having again raised the limitations issue by way of answer and new matter.

Rules 1017(b)(4) and 1030 of the Pa.R.C.P. provide that affirmative defenses must be raised by way of answer and new matter except where, inter alia, the defense is a non-waivable statute of limitations which appears applicable from the face of the complaint, and which destroys plaintiff's right of action. The exception would allow this issue to be pled by preliminary objection.

In the instant case the complaint lies, by its own terms, in assumpsit. The cause of action for breach

of implied warranty under a lease is relatively new to Pennsylvania, having been only recently upheld by our Superior Court. See Pugh v. Holmes, no. 367, March term, 1977 (Filed April 13, 1978). Under these circumstances, it certainly could not be held that the bar of 12 P.S. §34 appears on the face of plaintiff's complaint, and this court therefore over-ruled defendants' preliminary objections under Rule 1017(b)(4).

Defendants now ask this court for a judgment on the pleadings and that motion must be granted. Plaintiff's contention that this action is governed by the four-year statute of limitations in the Uniform Commercial Code is without merit. That statute is applicable only to "goods" which are the subject of a "contract of sale." See Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A P.S. §§2-105, 106, 725. While this court agrees with plaintiff's argument that tenants are as much consumers as are the purchasers of automobiles and household appliances, we cannot extend the U.C.C. to cover real estate transactions when they are specifically exempted in section 2-107. We are further without the power to read into the code any interpretation which would apply its sections to leases rather than sales.

We therefore hold that 12 P.S. §34 requires that plaintiff's action be dismissed.

## ORDER

And now, June 23, 1978, upon consideration of the motion for judgment on the pleadings and answer thereto, it is ordered and decreed, that the motion for judgment on the pleadings is granted and judgment is entered in favor of defendants and against plaintiff in the above matter.